IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RHONDA RICHARDSON,                    §
                                      §
            Plaintiff,                §
                                      §
V.                                    §          No. 3:14-cv-1978-D-BN
                                      §
SKYLINE PROPERTY, ET AL.,             §
                                      §
            Defendants.               §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Rhonda Richardson brings this *pro se* civil rights action alleging that her constitutional rights have been violated under color of state law by the landlord, compliance officer, and security officer of the Lago de Plata Apartments in Corsicana, Texas, the owner of a tow truck company, and the mayor, city manager, city attorney, chief of police, assistant police chief, and a police officer of Corsicana. On June 2, 2014, Plaintiff tendered a civil complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by Plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case,

the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The Court sent two sets of written interrogatories to Plaintiff to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on June 17, 2014 and August 5, 2014.

In her complaint and interrogatory responses, Plaintiff generally complains that representatives of the Lago de Plata apartments violated her constitutional rights by initially refusing to process her application for housing due to a prior felony conviction. *See* Dkt. No. 10 at 2. She also contends that the manager of the apartment complex, Terry Chapman, and a security guard, Officer Trent Parker, have conspired with the Corsicana Police Department to threaten her rights of speech and assembly in certain areas of the complex and parking lot, by threatening to have her vehicle towed and her housing assistance terminated, and by treating other tenants differently. *See id.* at 4-7. She seeks damages against Corsicana officials, including the city attorney, chief of police, assistant chief of police, and city manager, for refusing to let her "file a claim with the right procedure." Dkt. No. 8 at 4, 11. Plaintiff also contends that an unnamed tow truck company violated her Fourth Amendment rights by attempting to tow her vehicle without a warrant or probable cause. *See id.* at 2. By this lawsuit, Plaintiff seeks $25 million in damages. *See* Dkt. No. 10 at 4.

The undersigned now concludes that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not

contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

### Claims Against Skyline Property, Terry Chapman, Lela Cox, and Unnamed Tow Truck Company

Plaintiff generally claims that her apartment complex and two of its employees denied her the ability to become a tenant for a period of time, required her to abide by policies that did not apply to other tenants, threatened to terminate her public assistance, maintained unsanitary conditions, and applied improper utility charges. *See* Dkt. No. 8 at 3-10.

But only "state actors" maybe sued for federal civil rights violations under 42 U.S.C. § 1983. A private citizen, like these defendants, becomes a "state actor" only when her conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982); *see also Bass v. Parkwood Hosp.,* 180 F.3d 234, 241 (5th Cir. 1999). And a landlord does not act "under color of state law" simply by filing suit against a tenant or by failing to comply with the requirements of a state statute or procedural rule. *See Brown v. Crawford*, No. 3:07-cv-1930-M, 2008 WL 508390, at *2 (N.D. Tex. Feb. 25, 2008).

Here, Plaintiff does not allege that the property company, landlord, or compliance officer engaged in any conduct that is "fairly attributable to the State." No facts are alleged in the complaint or interrogatory responses to suggest that these defendants are state actors or engaged in conduct that could in any way be attributed to the state. For example, there is no allegation that any of the owners or employees are state officials or that any state officials are involved in their daily operations. *See Miller v. Hartwood Apartments, Ltd.,* 689 F.2d 1239, 1242 (5th Cir. 1982) (considering these factors and determining that plaintiffs could not pursue Section 1983 claims against private apartment complex).

Absent any allegations of state action or that defendants are state actors, Plaintiff's Section 1983 claims fail. *See Williams v. Candletree Apartments,* No. 4:14-cv-377-A, 2014 WL 3964715, at *2 (N.D. Tex. Aug. 13, 2014) (summarily dismissing Section 1983 claims against two apartment buildings that refused plaintiff's public housing voucher because neither defendant is a state actor); *see also Wheat v. Mass,* 994 F.2d 273, 276 (5th Cir. 1993) (hospital does not become a state actor simply due to receipt of public funds and being subject to state regulation). Further, Plaintiff has not alleged any violations of constitutional rights by these defendants. Accordingly, her claims should be summarily dismissed.

For the same reasons, Plaintiff has failed to allege that the unnamed tow truck company that attempted to tow her vehicle on three occasions acted under color of state law or violated any constitutional right.

Claims Against William Trent Parker

Plaintiff also claims that Corsicana Police Officer William Trent Parker violated her civil rights while he was working at a security guard at her apartment building. *See* Dkt. No. 8 at 11; Dkt. No. 10 at 12-13. But Plaintiff has previously raised this same claim against Parker before this Court. Earlier this year, this claim was summarily dismissed because "[v]erbal abuse and threats ... do not give rise to a cause of action under § 1983." *Richardson v. City of Corsicana*, No., 3:14-cv-1979-M-BF, 2014 WL 3545929, at *2 (N.D. Tex. June 26, 2014) (citing *Jackson v. Harris,* 446 F. App'x 668 (5th Cir. 2011)), *rec. adopted*, 2014 WL 3539442 (N.D. Tex. July 15, 2014). Plaintiff's claims against Officer Parker should be summarily dismissed. *See Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993) (a complaint that duplicates claims asserted in an earlier case may be deemed frivolous or malicious and is subject to summary dismissal).

Claims Against Corsicana Officer, Police Chief, Assistant Police Chief, Mayor, City Manager, and City Attorney

Plaintiff also seeks damages from Officer Sean Eggleston, Police Chief Randy Bratton, Assistant Chief Ronny McGaha, Mayor Chuck McClanahan, City Manager Connie Standridge, and City Attorney Kerri Anderson Donica. *See* Dkt. No. 8 at 11. She contends that all of these defendants refused to file criminal charges for wrongdoing at the Lago de Plata apartments. *See id.*

But, as the Court explained to Plaintiff when she attempted to sue another Corsicana Police Officer for failing to file a complaint "or something" against Officer

Parker,

> Plaintiff ... has no constitutional right to an investigation or prosecution
> of her complaints. Investigations and the prosecution of state and federal
> offenses fall within the exclusive jurisdiction of the executive branch of
> the state and federal government. *See Oliver v. Collins,* 914 F.2d 56, 60
> (5th Cir. 1990) (stating there is no constitutional right to have someone
> criminally prosecuted); *see also Green v. Revel,* No. 2:09-cv-147, 2010 WL
> 597827, at *2 (N.D. Tex. Feb. 19, 2010) (citations omitted) (finding there
> is no constitutional right to an investigation or prosecution.)

*Richardson,* 2014 WL 3545929, at *2. Plaintiff's claims against these defendants should be dismissed.

## Recommendation

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 2, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE